| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **ED:CV 12-1719-JFW (SPx)** | Date:  January 9, 2013 |
| Title: | Eric J. Galletta, et al. *-v-* Wells Fargo Bank, National Association, et al. | |

**PRESENT:**

  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

| | |
|---|---|
| PROCEEDINGS (IN CHAMBERS): | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WELLS FARGO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [filed 11/27/12; Docket No. 25];<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT |

   On November 27, 2012, Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB (sued erroneously as Wells Fargo Bank, National Association, successor in interest of Wachovia Mortgage, FSB, successor in interest of World Savings Bank) ("Wells Fargo") filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion").  On December 17, 2012, Plaintiffs Eric J. Galletta and Teresita S. Galletta (collectively, "Plaintiffs")  filed their Opposition.  On December 20, 2012, Wells Fargo filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's January 7, 2013 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.      **Factual and Procedural Background**

   On August 21, 2012, Plaintiffs filed a Complaint in Riverside County Superior Court.  On October 5, 2012, Wells Fargo filed a Notice of Removal, removing this action to this Court on the basis of federal question jurisdiction.  On November 13, 2012, Plaintiffs filed a First Amended Complaint against Wells Fargo and NDEX West LLC ("NDEX"), alleging claims for relief for: (1)

fraud in origination of loan; (2) set aside pending trustee sale based upon violation of California Civil Code § 2923.5; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"); (4) breach of implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA"); (6) rescission; (7) predatory lending pursuant to California Business & Professions Code § 17200; (8) Unfair and Deceptive Business Act Practices; (9) negligence; (10) declaratory relief; (11) quiet title; and (12) preliminary and permanent injunction.

Plaintiffs obtained a $319,000 refinance loan from Wells Fargo's predecessor, World Savings,[1] the terms of which were memorialized by a promissory note that was secured by a deed of trust against 4191 Park Avenue, Hemet, California 92544 (the "Property"). In approximately February 2011, Plaintiffs defaulted on their loan, and applied for but were denied two loan modifications. On January 17, 2012, a Notice of Default was recorded. On April 16, 2012, a Notice of Trustee's Sale was recorded. On May 8, 2012, the day the Trustee's Sale was scheduled to be held, Plaintiffs filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Central District of California. In their First Amended Complaint, Plaintiffs allege that there were several material facts related to their loan that Wells Fargo failed to disclose.

## II.   Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal

---

[1] World Savings changed its name to "Wachovia Mortgage, FSB" and later merged into Wells Fargo. It is now known as "Wachovia Mortgage, a division of Wells Fargo Bank, N.A."

Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. Discussion

### A. Plaintiffs' RESPA Claim Must Be Dismissed.

In the third claim for violation of RESPA, Plaintiffs allege that Wells Fargo "failed to properly respond to Plaintiff's QWR . . . within 60 days after receipt . . . as required under 12 U.S.C. § 2605(e)(2)(C)." First Amended Complaint, ¶108. This claim is barred by the statute of limitations, which is one year from the date of origination of the loan. In their Opposition, Plaintiffs admit that the QWR was sent on July 2, 2012, which is clearly more than one year after Plaintiffs' loan originated in April 2007.

In addition, under RESPA, a servicer need not respond to an unreasonable request for information unless the plaintiff justifies his or her belief that the account is in error. *Derusseau v. Bank of America, N.A.*, 2011 WL 5975821, *4 (S.D. Cal. Nov. 29, 2011). In this case, the statement in the QWR that Plaintiffs' counsel "suspect[s] violations of the RESPA or of the TILA in the processing of certain fees associated with [Plaintiffs'] Loan and Loan Documentation" is not sufficiently specific to allow for or require a response by Wells Fargo because it does not include a statement of the reasons that Plaintiffs dispute "certain fees" or which fees are disputed. *See, e.g., Boatright v. Aurora Loan Services*, 2012 WL 2792415 (N.D. Cal. July 9, 2012) (holding that "[a]llowing borrowers to allege error without justification for their belief for such error would permit frivolous requests for document production at the expense of loan and servicing companies").

Moreover, Plaintiffs' QWR requested "a detailed history of all receipts and payments handled in the course of your (or your predecessors') loan servicing, including any reporting of this account internally, reconciliation statements that have been made and reports to credit bureaus," as well as numerous other documents. Such requests are overbroad under RESPA and, in *Derusseau* where similar requests were made, the Court granted the defendants' motion to dismiss without leave to amend. *Id.* (holding that the loan servicer "has no obligation [under RESPA] to provide [p]laintiff the extraordinary amount of information she requested" in her QWR and that an alleged QWR requesting such an extraordinary amount of information did not qualify as a proper QWR).

Furthermore, to adequately allege a claim under RESPA, Plaintiffs must allege that they suffered actual damages. *Amaral v. Wachovia Mortg. Corp.*, 2010 WL 618282 *5 (E.D. Cal. Feb. 17, 2010). In this case, Plaintiffs merely allege in conclusory fashion that they generally suffered

damages, but do not plead any facts demonstrating the actual damages they allegedly suffered as a result of the purported violation of RESPA. *See Lemieux v. Litton Loan Servicing, LP*, 2009 WL 5206641 *3 (E.D. Cal. Dec. 22, 2009) ("Plaintiffs have not pled facts showing they suffered actual damages. Their failure to do so defeats their RESPA claim.").

Accordingly, the Court **GRANTS** Wells Fargo's Motion and Plaintiffs' third claim for relief for violation of RESPA is **DISMISSED without leave to amend** as amendment would be futile.[2]

### B.   Plaintiffs' TILA Claim Must Be Dismissed.

A claim for damages under TILA must be brought within one year from the occurrence of the violation. 15 U.S.C. § 1640(e). The Ninth Circuit has held that a violation of the TILA disclosure requirements occurs and the one-year period commences to run when the loan documents are signed, provided there is no undisclosed credit term or fraudulent concealment that prevented discovery of the claim. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (a TILA claim was time-barred a mere one year and three months after loan origination, because reasonable diligence would have permitted plaintiff to discover whether TILA had been violated). In addition, any rescission claim must be brought within three years of loan consummation. The United States Supreme Court held that "section 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998).

In this case, any rescission claim under TILA is barred by the statute of limitations because this action was clearly filed more than three years after Plaintiffs' loan originated in April 2007. In addition, Plaintiffs' claim for damages under TILA is barred by the statute of limitations because although Plaintiffs argue in their Opposition that they "did not discover the material omissions until Plaintiffs' loans began to adjust in or about 2010," that discovery is still more than one year before this action was filed.[3]

Moreover, Plaintiffs' First Amended Complaint and Opposition are silent as to the issue of tender. If the borrower is entitled to rescission under TILA, Section 1635(b) requires the borrower to tender to the lender any money received from the lender in order to complete a rescission. 15 U.S.C. § 1635 (b); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003) (TILA rescission claim dismissed because no showing that tender had occurred or that the borrower had the capacity to repay the principal borrowed); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1974) (loan rescission conditioned on the borrower's tender of funds given the lender's non-egregious TILA violations).

Accordingly, the Court **GRANTS** Wells Fargo's Motion and Plaintiffs' fifth claim for relief for

---

[2] To the extent Plaintiffs' tenth claim for relief for declaratory relief or Plaintiffs' twelfth claim for relief for preliminary and permanent injunction are based on Wells Fargo's alleged violations of RESPA, those claims are also **DISMISSED without leave to amend**.

[3] In the First Amended Complaint, Plaintiffs allege that their loan began to adjust in 2008, not 2010, which is also more than one year before this action was filed.

violation of TILA is **DISMISSED without leave to amend** as amendment would be futile.[4]

IV.     Conclusion

For the foregoing reasons, Wells Fargo's Motion is **GRANTED in part, DENIED in part.** Plaintiffs' claims for violation of RESPA and violation of TILA are **DISMISSED without leave to amend** as to Wells Fargo.  In addition, the Court exercises its discretion and **DISMISSES without leave to amend** *sua sponte* Plaintiffs' claims for violation of RESPA and TILA as to all the defendants, including non-moving defendant NDEX.  *See, e.g., Bonny v. Society of Lloyd's*, 3 F.3d 156, 161 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related.").

In light of the fact that the Court has dismissed the only claims over which this Court has original jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  *See* 28 U.S.C. § 1367(c)(3); *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'").  Accordingly, this action is hereby **REMANDED** to Riverside County Superior Court, and the remainder of Wells Fargo's Motion is **DENIED as moot**.

IT IS SO ORDERED.

---

[4]  To the extent Plaintiffs' sixth claim for relief for rescission, tenth claim for relief for declaratory relief or Plaintiffs' twelfth claim for relief for preliminary and permanent injunction are based on Wells Fargo's alleged violations of TILA, those claims are also **DISMISSED without leave to amend**.